UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

CLARENCE RICHTER,

    Plaintiff,

vs.

PALM BEACH COUNTY,
a political subdivision of the
State of Florida,

    Defendant.
_____/

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, Clarence Richter, sues the Defendant, Palm Beach County ("County"), alleging as follows:

### PRELIMINARY STATEMENT

1. The Solicitation and Display provisions of Palm Beach County Ordinance § 18-7 ("the Ordinance") make it a crime for a person to stand on or be upon any road and solicit for charitable contributions or business, and/or display information of any kind on any road within unincorporated Palm Beach County.

2. Under the Solicitation provision, a person engaging in any other form of speech other than charitable or business contributions—such as a politician asking for votes, a person asking others to join their church, or a person asking for directions—may do so freely. Because it singles out the solicitation of charitable and business contributions for differential treatment, the Solicitation provision is content-based and is subject to strict scrutiny. Because it is not

1

narrowly tailored to any compelling government interest, nor is it the least restrictive means of advancing any interest, it is an unconstitutional restriction of free speech in violation of the First Amendment.

3. Under the Display provision, the blanket ban on the display of any information prohibits people from engaging in fundamental First Amendment conduct such as holding a sign on *every* road and median in unincorporated Palm Beach County. It is unconstitutional because it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest and does not leave open ample alternative channels of communication.

4. Plaintiff Clarence Richter is a homeless man who solicits for charitable contributions in unincorporated Palm Beach County by standing on medians and holding a sign. He has been arrested and harassed by Palm Beach County Sheriff's Office ("PBSO") deputies for doing so. Mr. Richter wishes to continue to solicit donations and needs to do so to contribute to his survival, but fears arrest for doing so.

5. The Solicitation and Display provisions are unconstitutional, both facially and as applied to Mr. Richter. He therefore seeks declaratory and injunctive relief and damages, alleging that these provisions violate his First Amendment rights.

## JURISDICTION AND VENUE

6. This case arises under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district

## PARTIES

9. Plaintiff Clarence Richter is a citizen of the United States and resides in Palm Beach County, Florida. He is currently homeless and must request donations from others to contribute to his survival. He has been arrested under the Ordinance. He wishes to continue to request donations, but reasonably fears that he will be arrested again.

10. Defendant Palm Beach County, Florida, is a municipal corporation organized under the laws of the State of Florida. The County is sued based on the acts of its officials, agents and employees. At all relevant times, the County and its agents were acting under color of state law.

## STATEMENT OF FACTS

**A. Palm Beach County Ordinance § 18-7: Charitable Solicitation and Display Ban**

11. The Solicitation and Display Ordinance was enacted by the Palm Beach County Commission on June 23, 2015, and provides, in pertinent part, in §§ 18-7(e)(1) and (2) that within unincorporated Palm Beach County:[1]

> "1) No person shall be upon or go upon any Road[2] for the purpose of displaying information of any kind;" and

---

[1] Unincorporated Palm Beach County includes a vast portion of the roads within the County's boundaries. Under §18-7(f), the "provisions of this section shall embrace all public roads that are open to motor vehicle traffic within the unincorporated area of Palm Beach County, including State roads, interstate ramps and County roads and to all municipalities within Palm Beach County that elect to have the provisions of this section apply within their respective jurisdictions."

[2] "Road" is defined as "roads, streets, roadbeds, ramps, medians, traffic islands and all other ways open to travel by operators of motorized vehicles within unincorporated Palm Beach County. This definition excludes private roads and roads that are not open to motor vehicle travel." §18-7(c).

"2) No person shall be upon or go upon any Road for the purpose of distributing materials or goods or soliciting business or charitable contributions of any kind."

12. A violation of either or both of the provisions of the Ordinance is punishable under § 18-7(g) by a fine not to exceed five hundred dollars ($500.00), or by imprisonment for a term not to exceed sixty (60) days, or by both a fine and imprisonment. *Id.*

### B. Enforcement of the Ordinance

13. Sections 18-7(e)(1) and (2) have been enforced primarily against people who were soliciting charitable donations on medians and roads.

14. Typically, the arrests and citations for violations of the Ordinance involved people standing on medians or the shoulders of County roads and who were holding cardboard signs requesting donations.

15. Since 2020, at least 141 people—virtually all of whom were soliciting for donations—were either arrested and taken to jail or cited with a notice to appear in court for a violation of the Ordinance.

### C. Arrest of Plaintiff Clarence Richter

16. Plaintiff Clarence Richter is a 59-year-old homeless resident of Palm Beach County.

17. Because Mr. Richter cannot find full time work, he engages in peaceful panhandling at various locations within unincorporated Palm Beach County to help support himself. He stands on the medians or shoulders of County roads, streets or off-ramps and displays a sign that states, "Please Anything Will Help. Thank You[,]" or something similar.

18. If a motorist or an occupant of a stopped car signals to Mr. Richter that they want to give him a donation, he would walk to the car and accept it and then either return to the

sidewalk or continue to walk along the shoulder holding his sign. In most instances, the people in cars who gave Mr. Richter money were in the lane of traffic immediately next to the shoulder. Mr. Richter was not blocking or obstructing traffic.

19. Since January 2020, Mr. Richter has been cited eight (8) times for a violation of § 18-7 and has been assessed court costs totaling $2,937.00.

20. When Mr. Richter walks on the streets of Palm Beach County and sees a PBSO squad car, he becomes anxious and scared that the police are following him.

21. Mr. Richter has witnessed PBSO deputies harass and arrest others on the streets of Palm Beach County for panhandling.

22. Mr. Richter remains homeless and poor and wants to continue to solicit donations in unincorporated Palm Beach County to help with his survival. However, because of persistent police harassment, Mr. Richter has been forced to leave the area where he usually solicits to other locations in unincorporated Palm Beach County. He would like to seek donations more frequently than he does but has limited his panhandling activities because he fears arrest.

23. The constant threat of arrest and the actions of the officers has been humiliating and taxing, causing Mr. Richter to suffer emotional and mental distress, and loss of money.

24. The arrest and sentencing and persistent harassment by the PBSO for a violation of the Ordinance have had a chilling effect on Mr. Richter's exercise of his First Amendment rights in Palm Beach County.

25. Consequently, Mr. Richter has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First and Fourteenth Amendments.

## CAUSES OF ACTION

### COUNT I - FIRST AMENDMENT - FREEDOM OF SPEECH
### Against Section 18-7(e)(2), Palm Beach County Ordinance

26. Plaintiff realleges and incorporates the allegations in ¶¶ 1 through 25 as if set forth herein.

27. At all times relevant hereto, Palm Beach County was the final policymaker for the purpose of adopting ordinances regulating constitutionally protected speech, expressive conduct, and assembly within the boundaries of unincorporated Palm Beach County.

28. Requests for donations are recognized as speech entitled to First Amendment protection.

29. The County's streets, roads, off-ramps, and medians are traditional public fora.

30. Palm Beach County Ordinance § 18-17 (e)(2) is unconstitutional because it is a content-based restriction on speech that is not narrowly tailored to serve compelling state interests, nor is it the least restrictive means of serving any compelling government interest.

31. The County's adoption and ongoing enforcement of §18-7(e)(2) have proximately caused the deprivation of the First Amendment rights of the Plaintiff.

### COUNT II - FIRST AMENDMENT - FREEDOM OF SPEECH
### Against Section 18-7(e)(1), Palm Beach County Ordinance

32. Plaintiff realleges and incorporates the allegations in ¶¶ 1 through 25 as if set forth herein.

33. At all times relevant hereto, Palm Beach County was the final policymaker for the purpose of adopting ordinances regulating constitutionally protected speech, expressive conduct, and assembly within the boundaries of unincorporated Palm Beach County.

34. Requests for donations are recognized as speech entitled to First Amendment protection.

35. The County's streets, roads, off-ramps, and medians are traditional public fora.

36. Section 18-7(e)(1) arbitrarily prohibits protected expression on a broad swath of public space along every "road" in unincorporated Palm Beach County.

37. Accordingly, § 18(e)(1) cannot withstand intermediate scrutiny because it is not narrowly tailored to a significant state interest and does not leave open ample alternative channels for communication.

38. The County's adoption and ongoing enforcement of §18-7(e)(1) have proximately caused the deprivation of the First Amendment rights of the Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and seeks the following relief:

A. A declaration that Palm Beach County Ordinance §18-7(e)(2) violates the First Amendment of the U.S. Constitution facially and as applied to Plaintiff;

B. A preliminary and permanent injunction prohibiting the County from enforcing § 18-7(e)(2);

C. A declaration that Palm Beach County Ordinance §18-7(e)(1) violates the First Amendment of the U.S. Constitution facially and as applied to Plaintiff;

D. A preliminary and permanent injunction prohibiting the County from enforcing § 18-7(e)(1);

E. All damages permitted by law, including but not limited to compensatory and nominal damages;

F. Attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

G. Any other relief that is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts alleged above.

Respectfully submitted,

By:
/s/ *Sabarish P. Neelakanta*
Sabarish P. Neelakanta, Esq.
Florida Bar No. 26623
Email: sab@spnlawfirm.com
SPN LAW, LLC
The Harvey Building
224 Datura Street, Suite 904
561-704-7858
561-350-0369

/s/ *Ray Taseff*
Dante P. Trevisani
Florida Bar No. 72912
E-mail: dtrevisani@floridajusticeinstitute.org
Ray Taseff
Florida Bar No. 352500
E-mail: rtaseff@floridajusticeinstitute.org
FLORIDA JUSTICE INSTITUTE, INC.
PO Box 370747
Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

***Attorneys for Plaintiff***

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

CLARENCE RICHTER,

    Plaintiff,

vs.

PALM BEACH COUNTY,
a political subdivision of the
State of Florida,

    Defendant.
_____/

## DECLARATION OF CLARENCE RICHTER

I, Clarence Richter, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Clarence Richter. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/Clarence Richter*
Clarence Richter                                                       Dated: March 1, 2022